**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 26 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DWAYNE LAMONT BURGESS,<br><br>          Plaintiff-Appellant,<br><br> v.<br><br>J. RAYA; et al.,<br><br>          Defendants-Appellees,<br><br> and<br><br>P. MORALES; et al.,<br><br>          Defendants. | No. 15-17462<br><br>D.C. No. 1:11-cv-00921-LJO-JLT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner Dwayne Lamont Burgess appeals pro se from the

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's summary judgment in his 42 U.S.C. § 1983 action alleging various constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hooper v. County of San Diego*, 629 F.3d 1127, 1129 (9th Cir. 2011). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Burgess' First Amendment retaliation and conspiracy claims because a judgment in Burgess' favor would necessarily imply the invalidity of his disciplinary proceedings. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."); *see also Edwards v. Balisok*, 520 U.S. 641 (1997) (extending *Heck* to disciplinary proceedings).

The district court properly granted summary judgment on Burgess' excessive force claim as *Heck*-barred to the extent that Burgess alleged that defendants used pepper spray for a purpose other than to regain control. *See Heck*, 512 U.S. at 486-87; *see also Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002) (force is not excessive when "applied in a good faith effort to restore discipline and order and not maliciously and sadistically for the very purpose of causing harm").

However, to the extent that Burgess alleged that he was exposed to pepper spray for a prolonged period of time despite alerting defendants to his health issues, *Heck* does not bar Burgess' claims.  *See Smith v. City of Hemet*, 394 F.3d 689, 696-98 (9th Cir. 2005) (claim not barred by *Heck* if the alleged use of excessive force occurred after the conduct on which the conviction was based). Because the district court relied only on *Heck* in dismissing this claim, we reverse the judgment in part and remand for further proceedings on this claim only.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**